## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**SUSAN CHANA LASK on behalf of herself**
**& Others Similarly Situated,**

                                      **Plaintiff,**                              **Civil Action**
                                                                                  **No.**

                  **v.**
**RONALD R. DONATUCCI, in his official capacity**          **COMPLAINT**
**as Register of Wills for Philadelphia, JOHN F. RAIMONDI,**   **for INJUNCTION**
**in his official capacity as Deputy Register of Wills for**   **& COUNSEL FEES**
**Philadelphia County,**                                      **& COSTS**
                                      **Defendants.**

_____

Plaintiff  Susan Lask, by her counsel, Robert T Vance Jr, Esq. alleges as follows:

### INTRODUCTORY STATEMENT

This Complaint is being filed against Defendants who abuse their official powers as elected officials and appointees at the Register of Wills of Philadelphia by purposely engaging in a custom and practice of refusing hearings to intestate heirs who file and pay for Petitions in their office in contravention to Defendants' own rules and procedures requiring hearings and 20 Pa.C.S.A. §301(b) mandating hearings.  Defendants instead default to appointing third party strangers in place of heirs, who most times are political campaign contributors of Defendants who reap financial gains of a percentage of every estate they are appointed to as a reward by Defendants.   Defendants  unlawful and unconstitutional conduct interferes with Plaintiff's and all similarly situated petitioners' legitimate claims of entitlement to be appointed administrator as established by statute, 20 Pa.C.S.A. §301(b), and ultimately permanently affects vested property rights of Plaintiff and all similarly situated petitioners, mandating an injunction proscribing Defendants' unlawful and unconstitutional misconduct now and in the future.

### THE PARTIES

1.  Plaintiff, SUSAN LASK, is a natural person who resides in New Jersey, and an heir to the real property and estate of her mother, Gloria Thelma Lask, deceased, located in the County of Philadelphia, Pennsylvania.

2.   Defendant, RONALD R. DONATUCCI, is the duly elected Register of Wills office located at Room 184 City Hall, Philadelphia, Pennsylvania and was elected at the municipal elections in Philadelphia.  He is also a Democratic Ward leader.  Defendant Donatucci as an elected official holds campaigns and receives financial and other support towards his election from campaign contributors that consist in part of banks, attorneys and law firms.

3.  As Register of Wills Defendant Donatucci has the duty of granting letters of administration to the person entitled to those letters.  He is responsible for establishing policies and procedures governing the conduct of those he appoints as deputies and clerks in the Register of Wills office and with their training, supervision and discipline. He is sued in his official capacity.

4.  Defendant, JOHN F. RAIMONDI, is the 1st Deputy of Litigation at the Register of Wills office located at Room 184 City Hall, Philadelphia, Pennsylvania.  Defendant Raimondi is appointed to his position by Defendant Donatucci and as part of his responsibilities he holds hearings and decides Petitions for Letters of Administration for intestate cases filed at the Register of Wills.  He is sued in his official capacity.

## VENUE & JURISDICTION

5.   Plaintiff claims federal jurisdiction pursuant to Article III §2 which extends the jurisdiction to cases arising under the Constitution of United States.

6.  Jurisdiction is conferred upon the Court by virtue of 28 U.S.C. §§1331 and 1343, in that the claims in this matter against Defendants are authorized by 42 U.S.C. §1983 and the Constitution of the United States of America to redress deprivations of constitutionally protected rights and interests under the Fourteenth Amendment.

7.  Venue is appropriate in this Court because Defendants reside and maintain offices at and the underlying actions took place within the jurisdictional confines of the Eastern District of Pennsylvania.

## STATEMENT OF FACTS

8. On March 29, 2006 Plaintiff's Mother Gloria Thelma Lask died intestate, leaving  real property  located in the County of Philadelphia.

9.  Pursuant to 20 Pa.C.S.A. §301(b) and the laws of this State, Plaintiff had a vested property interest in her Mother's real property on the date of  her mother's death.

10.   Pursuant to the mandates of 20 Pa.C.S. §3155(b),  Plaintiff as the intestate heir of her Mother's estate shall be appointed administrator of the estate except "for good cause".

11.  Plaintiff had a legitimate claim of entitlement to be appointed administrator as established by statute, 20 Pa.C.S.A. §301(b),

12.  On  or about April 20, 2006 Plaintiff paid a $25.00 filing fee to the "Register of Wills" to file her Petition for appointment as Administrator pursuant to 20 Pa.C.S. § 3155(b), which states in relevant part:

"Letters of administration shall be granted by the register, ... to one or more of those hereinafter mentioned and, except for good cause, in the following order:
(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.
(5) Other fit persons."

13.  Statutes providing for  "good" cause"  bring the interest under the auspices of due process.

14.     Pursuant to the "Register of Wills of Philadelphia County Manual" Chapter 11 "Hearings Before the Register",  a hearing is procedurally prescribed upon a Petition for Letters of Administration:

The Register will hold an informal conference on the return date of the citation. Parties may be present on the return date to confer with their attorneys for the purpose of further defining the issues or discussing settlement. No testimony will be taken or evidence received. If the matter is not settled by agreement on the return date, the Register will schedule an evidentiary hearing on a date or dates agreed upon by the parties, allowing the parties a reasonable time to prepare."

15.  Plaintiff had an expectation to be appointed administrator pursuant to 20 Pa.C.S. §3155(b) and expected in the minimum a hearing pursuant to said statute as well as pursuant to the procedures prescribed in the  "Register of Wills of Philadelphia County Manual.

16.  Plaintiff's Petition showed that she was an intestate heir requesting appointment as Administrator of her Mother's estate because her brother Alan Lask refused to administer the estate and he was unfit.

17.  Alan Lask did not file opposition to Plaintiff's Petition that strongly argued Plaintiff's fitness and position as Administrator.

18.  On May 4, 2006, Plaintiff was informed by the Register of Wills Clerk Winnie that Defendant Raimondi held an ex parte "informal conference" in his office with Alan Lask's counsel.

19. Plaintiff was not present at that "informal conference".

20.  Upon information and belief, at the "informal conference" Alan Lask's counsel informed Defendant Raimondi that Alan Lask renounced his right to be administrator but requested a third party appointment.  Defendant Raimondi at that "informal hearing" denied Plaintiff's Petition that strongly argued for appointment and decided to appoint a third party instead of the qualified Plaintiff and in contravention to the hierarchy mandates of 20 Pa.C.S. §3155(b).

21.  On May 4, 2006 at about 12:00 p.m. Plaintiff faxed a letter to Defendant Donatucci objecting to Defendant Raimondi's decision made ex parte without Plaintiff's presence and without a hearing pursuant to the Register of Wills procedural manual and statute. Plaintiff demanded a hearing.

22.  Defendant Donatucci ignored Plaintiff's fax letter and to date has refused to respond or give a hearing to Plaintiff's Petition.

23.  On May 5, 2006 Plaintiff called Defendant Raimondi's office and was informed by his Clerk Kathy that he instructed Plaintiff to file another Petition and pay another filing fee of $25.00 in order to obtain a hearing.

24.  On May 10, 2006 Defendant Register of Wills received Plaintiff's second Petition and on or about that date negotiated Plaintiff's second filing fee of $25.00.  Plaintiff's second Petition again demanded a hearing and provided law supporting the fact that Defendant Raimondi had no basis to deny the Petition, must hold a hearing and can not ignore the mandates of 20 Pa.C.S.A. §301(b) by appointing a stranger in place of a qualified heir.

25.  On May 16, 2006 Clerk Kathy informed Plaintiff that Defendant Raimondi would not hold a hearing on either her first or second Petition she paid for, and that Plaintiff must instead wait for Defendants' Decree appointing a third party to administer her Mother's estate, which she informed would take 4 weeks.

26.  Six weeks after Clerk Kathy informed Plaintiff that a Decree would be received in 4 weeks, and 7 weeks since Defendant Raimondi decided at his ex parte "informal conference",

on June 30, 2006 Plaintiff called Clerk Winnie who informed that Defendant Donatucci has "300 other Decrees to sign on his desk" ahead of Plaintiff's and that Plaintiff must wait until the Decree is signed by Defendants, then further wait until the appointed third party administrator probates the Decree so a case can be assigned before Plaintiff could even appeal the Decree.

27.  Upon information and belief, it takes an average of 4 months from filing a Petition until Defendants' execute a Decree appointing a third party administrator, and then additional months thereafter to assign the case.

28.  Upon information and belief, Defendants Donatucci and Raimondi operate private law offices in the City of Philadelphia where they  practice law before the courts in Philadelphia while acting as elected and appointed officials in the Register of Wills office.

29.  Defendants do not and can not properly nor efficiently run the Register of Wills office while they simultaneously dedicate their time operating their own law offices.  This is evidenced by the unreasonable amount of time they take to execute Decrees and the fact that they refuse to hold hearings but instead default to appointing third parties without basis.

30.  Plaintiff contacted some 10 Philadelphia estate counsel during the period of April through June, 2006 and each attorney confirmed that Defendants have a custom and policy of ignoring Due Process by refusing to grant hearings on Petitions filed in their office, and instead default to appointing a third party to administer estates rather than qualified heirs.

31.  Plaintiff is informed that Defendants' deny Due Process hearings because they have a custom and policy of using their official positions at the Register of Wills office to return political favors to their campaign contributors by appointing  their campaign contributors as administrators rather than qualified heirs.  The campaign contributors are rewarded by reaping financial gains by taking a percentage of the estate they are appointed to pursuant to 20 Pa.C.S.A. §3537.

### FIRST CAUSE OF ACTION- §1983 INJUNCTION

32.  Plaintiff repeats and reiterates all of the above allegations as if fully set forth herein.

33.  Plaintiff for herself and all those similarly situated who have presently filed Petitions and who will file such Petitions seeks to hold the elected official, Defendant Donatucci, and his appointee, Defendant Raimondi, accountable for their abuse of their official powers to effect

the deprivation at issue-their deliberate refusal to hold hearings upon duly filed and paid for Petitions in contravention to their own manual's written procedures and  in contravention to 20 Pa. C.S. §3155(b) that mandates good cause before Defendants can deviate from the statutorily mandated order of appointment and appoint a third party stranger as  administrator over a qualified heir.

34. Plaintiff's application for an injunction against Defendants' custom and policy of refusing hearings on Petitions has a substantial likelihood of success because  not only are Philadelphia attorneys aware of Defendants' unlawful and unconstitutional practice but it is self-evident in this particular case when they refused to in the minimum give Plaintiff a hearing on her petitions that they twice negotiated filing fees, refused to appoint Plaintiff who is undeniably qualified or even give her Due Process to support her Petition and instead appointed a third party stranger while refusing a hearing, all in contravention to the mandates of 20 Pa. C.S. §3155(b).

35.  The likelihood of success is further evident as this State's courts have numerous times admonished the Defendants mishandling of their office, stating the process of the Register of Wills in Philadelphia of not holding hearings is defective and needs correction.

36.  The threatened injury of denying constitutional due process rights to Plaintiff and all those similarly situated outweighs the fact that absolutely no harm will come to Defendants if they are enjoined.  There is no monetary or other loss to Defendants if they are prohibited from engaging in unlawful and unconstitutional practices of refusing hearings and rewarding their campaign contributors by appointing them instead of qualified heirs.

37.  No procedural safeguard exists with respect to Defendants refusal to hold hearings on filed and paid for Petitions and their refusal to follow statutory mandates as an appeal to the Orphan's Court addresses only whether their decision was an abuse of discretion, not their unconstitutional custom and policy of refusing Due Process hearings nor their custom and policy of abusing their power as elected and appointed officials to reward their campaign contributors.

38.  It is not impracticable for Defendants to hold a hearing upon a Petition if their "informal conference" does not resolve the Petition as the Register of Wills office has the duty,

authority and ability to hold hearings and does hold hearings as their procedural manual directs when their "informal conference" does not resolve the Petition.

39.  Defendants' custom and policy of refusing hearings caused and will continue to cause grave and irreparable harm to Plaintiff and those similarly situated as for every day that Defendants refuse to hold Due Process hearings and then delay executing Decrees causes Plaintiff and those similarly situated to lose value in their property interest while  late fees for maintenance and mortgages accrue, taxes accrue, utility bills accrue, the property value decreases as liens increase against it and resultantly the heir suffers losses to his vested property interest and right to be administrator to quickly and efficiently close the real estate property to minimize losses and liens against it.   Moreover, as a result of  Defendants appointing third party strangers who take a financial percentage of the Estate then Plaintiff's property interest is further permanently deprived and can not be regained when that unnecessary expense to an appointed stranger plus the liens are deducted from the property value and can never be regained.

40.  The appointment of a third party amounts to a taking of Plaintiff's vested property interest in the real estate and expectation under statute to be appointed administrator without due process of law in contravention of the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Pennsylvania.

41. As a direct and proximate result of Defendants' refusal to hold hearings and follow the mandates of  20 Pa. C.S. § 3155(b) and their own procedural manuals, Plaintiff has no adequate legal, administrative, or other remedy by which to prevent the  permanent taking of her property  and expected property interests without basis and the irreparable harm to her constitutional rights.

42.  Unless Defendants are enjoined from committing the above described constitutional violations of the Fourteenth Amendment, Plaintiff and those similarly situated who have filed and will file Petitions with Defendants will continue to suffer great and irreparable harm by being deprived of Due Process and their property rights.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

A. Entry of judgment declaring that the acts, customs and policies of Defendants herein are unconstitutional by refusing to follow the mandates of "good cause" in 20 Pa.C.S. §3155(b) and refusing a meaningful opportunity for an adversarial hearing with respect to Petitions for Letters of Administration when requested; all in violation of the Due Process Clause of the Fourteenth Amendment;

B. Entry of permanent injunctions against Defendants prohibiting appointing third party administrators when Plaintiff and all those similarly situated are denied hearings;

C. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

D.  Such further legal and equitable relief as the Court may deem just and proper.


Dated:  July 12, 2006

                                            _____

                                            Robert T Vance Jr (RTV3988)
                                            Law Offices of Robert T Vance Jr
                                            Attorneys for the Plaintiff
                                            100 South Broad Street, Suite 1530
                                            Philadelphia, PA 19110
                                            215. 557.9550